The Law Office of Anthony Paul Diehl
Anthony Paul Diehl, Esq. SBN 342160
104 Blue Note
Irvine, California 92618
Phone (949) 694-9702
Facsimile (949) 694-9704
anthony@apdlaw.net

*Attorney for Debtor*
*Erica Denice Ogalue*

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Erica Denice Ogalue<br><br><br>Debtor. | In Chapter 7 Proceedings<br>Case No.: 2:24-bk-17936-NB<br><br>Adversary Case No.: _____ |
| <br>Erica Denice Ogalue,<br><br><br>Plaintiff,<br><br>v.<br><br><br>Queen Cudahy Apartments, LLC; AF Properties 2015, LLC; Westland Real Estate Group; and DOES 1-10,<br><br><br>Defendants. | **COMPLAINT FOR:**<br>1. **VIOLATION OF THE AUTOMATIC STAY**<br>2. **VIOLATION OF THE DISCHARGE INJUNCTION**<br>3. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br>4. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>5. **BREACH OF CONTRACT**<br>6. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

- 1 -

**Law Office of Anthony Paul Diehl**
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

## INTRODUCTION

Plaintiff, Erica Denice Ogalue ("Plaintiff"), brings this adversary proceeding against Defendants, Queen Cudahy Apartments, LLC, AF Properties 2015, LLC, and Westland Real Estate Group (all three collectively, "Defendants"). After knowing of Plaintiff's bankruptcy, Defendants engaged in a sustained pattern of unlawful debt-collection activity. Defendants continued to demand payment of nonexistent rent obligations despite knowing of Plaintiff's bankruptcy stay and discharge, multiple cease-and-desist letters from counsel, lack of any lease agreement, and the existence of a valid settlement agreement eliminating the alleged debt.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 28 U.S.C. § 157(a), and the standing order of reference of the District Court referring bankruptcy matters to this Court.

2. Plaintiff's claims for violations of the automatic stay and the discharge injunction arise under 11 U.S.C. §§ 362 and 524 as core proceedings within the meaning of 28 U.S.C. §157(b)(2) because they concern the administration of the bankruptcy estate and the enforcement of orders of the bankruptcy court.

3. Plaintiff's related claims under the Fair Debt Collection Practices Act ("FDCPA" 15 U.S.C. § 1692 *et seq*.), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal" Cal. Civ. Code § 1788 *et seq*.), breach of contract arising from Defendants' violation of the settlement agreement, and California's Unfair Competition Law ("UCL" Cal. Bus. & Prof. Code § 17200) arise from the same nucleus of operative facts as the stay and discharge violations and fall within this Court's "related to" jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 105(a) because the claims require the bankruptcy court's analysis and supervision of the bankruptcy stay and discharge.

4. To the extent Plaintiff's claims are non-core proceedings, Plaintiff consents to

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

entry of final judgment by the Bankruptcy Court under 28 U.S.C. § 157(c)(2).

5. Venue is proper under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to a bankruptcy case that was pending in this District.

## **PARTIES**

6. Plaintiff, Erica Denice Ogalue ("Plaintiff"), was an individual debtor who filed a Chapter 7 on September 27, 2024.

7. Plaintiff is a consumer as defined in the FDCPA.

8. Plaintiff is a debtor as that term is defined by Rosenthal.

9. Defendant, Queen Cudahy Apartments, LLC ("Queen Cudahy") is a business entity that owned or operated the real property 200 W. Queen Street, Inglewood, California 90301 (the "Subject Property").

10. Defendant, AF Properties 2015, LLC, is the managing member of Queen Cudahy.

11. The FDCPA applies to "any person who uses any instrumentality of interstate commerce… in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

12. The term "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

13. Westland Real Estate Group ("Westland") collects on behalf of Queen Cudahy, and AF Properties 2015, LLC, (all three collectively "Defendants") and it's managing member, AF Properties 2015, LLC, indicating a third party is collecting.

14. Defendants assert Plaintiff owes a delinquent "debt" as defined in the FDCPA.

15. Defendants use names such as system@entrata.com to collect, falsely indicating a third party is collecting.

16. Defendants regularly attempt to collect "covered debts" as defined in Rosenthal.

- 3 -

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

17. Defendants use instruments of interstate commerce for the principal purpose of business, which is the collection of debts.

18. Defendants are debt collectors and engage in debt collection subject to the FDCPA and its remedies.

19. Defendant is subject to Rosenthal.

20. At all relevant times, Defendants Queen Cudahy Apartments, LLC and Westland Real Estate Group acted individually and/or as agents of one another to collect the alleged debt from Plaintiff.

21. Plaintiff also names as defendants DOES 1 through 10, inclusive, whose true names and capacities are presently unknown but who are believed to be persons or entities that participated in, authorized, directed, or ratified the post-petition collection activity described herein. Plaintiff will amend this Complaint to identify and name such defendants when their identities become known.

## FACTUAL BACKGROUND

22. On September 4, 2020, Plaintiff entered a lease agreement with Queen Cudahy and paid a deposit of $1,250.

23. Around April 2023, Ms. Ogalue moved out of the Subject Property and provided notice to Defendants of her move-out.

24. Ms. Ogalue vacated the premises approximately seventeen (17) months before filing bankruptcy and did not renew any lease.

25. Defendants failed to return Ms. Ogalue's deposit.

26. On September 27, 2024, Ms. Ogalue filed Chapter 7 petition. [BK Doc No. 1]

27. The petition triggered the automatic stay which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

28. On October 2, 2024, the Bankruptcy Noticing Center issued a Certificate of Notice confirming Queen Cudahy Apartments, LLC, received official notice of

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

the bankruptcy filing. [BK Doc No.9].

29. Despite this notice, Defendants contacted Plaintiff to collect the alleged debt.

30. On October 5, 2024, Defendants sent an email entitled "First Notice Past Due," directly to Plaintiff, demanding payment for the October 2024 rent and threatening "late fees" and "disruptions to tenancy" if payment was not made immediately.

31. On October 15, 2024, Defendants wrote Ms. Ogalue again demanding payment of $914.00 in prepetition rent and reiterating its intent to initiate eviction if the payment was not received.

32. On October 25, 2024, Ms. Ogalue's counsel sent Defendants a Cease-and-Desist letter advising that Plaintiff filed bankruptcy and the automatic stay prohibited further collection activity and Plaintiff revoked any consent to contact her.

33. Despite that warning, on October 29, 2024, Defendants sent both a letter and an email to Plaintiff demanding payment of $3,099.00, which included pre-petition charges and threatened eviction if payment was not received.

34. On November 7, 2024, Ms. Ogalue's counsel sent Defendants another written notice reiterating 11 U.S.C. § 362 and directing Defendants to cease further collection communications.

35. On November 26, 2024, Defendants sent another email titled "Small Balance Reminder" demanding payment of $258.00.

36. On December 30, 2024, the Bankruptcy Court entered Plaintiff's discharge order pursuant to 11 U.S.C. § 727. [BK Doc No. 12.] The discharge order under § 524(a) permanently enjoined Defendants from collecting from Ms. Ogalue.

37. Despite a) the discharge; b) notice of representation as to the debt; and c) cease-and-desist letters, Defendants continued their collection efforts.

38. On January 12, 2025, Defendants emailed Ms. Ogalue demanding payment of $1,336.00 for "January rent,". The demand included both pre-petition and post-petition charges.

39. Despite Ms. Ogalue vacating the premises almost two years earlier, on February

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

10, 2025, Defendants escalated efforts to collect and sent email entitled "3-Day Notice to Pay or Quit." That email demanded payment and threatened eviction would follow if payment was not made.

40. On April 7, 2025, Ms. Ogalue's counsel sent another written notice to Defendants reiterating the bankruptcy and demanding all collection activity stop.

41. On October 14, 2025, Ms. Ogalue and Defendants entered into a settlement agreement by and through respective legal counsel.

42. Under the settlement agreement, Defendants agreed to waive any amounts owed.

43. Ms. Ogalue agreed to refrain from seeking damages arising from Defendants' collection conduct between October 5, 2024, and October 14, 2025.

44. Ms. Ogalue performed her obligations under the agreement and relied on Defendants' promise to waive any debts and stop collecting.

45. Upon waiver of debt, Defendants lacked any objectionably reasonably basis collection was lawful.

46. Ms. Ogalue possessed viable claims under Rosenthal and FDCPA. She surrendered those claims in reliance on Defendant's promises.

47. Ms. Ogalue paid fees to her attorney to settle the claim.

48. Defendants obtained the benefit of the release then breached the agreement when they resumed collection activity and again asserted Ms. Ogalue owed them money.

49. Defendants' post-agreement collection renewed their liability for damages under Rosenthal, FDCPA, and the Bankruptcy code.

50. In February 2026, through its managerial staff and supervisors, Defendants deployed another wave of collection activity.

51. On February 27, 2026, Defendants called Ms. Ogalue to collect.

52. On March 1, 2026, Defendants emailed Ms. Ogalue to collect and requested Ms. Ogalue call to discuss payment options with a manager.

53. On March 5, 2026, Defendants' management prepared and sent a nine page

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

"Move Out Statement" asserting Ms. Ogalue owed $6,351.00 in alleged rent, fees, and damages. The statement includes charges for January and February 2026 in the amount of $2,200 per month.

54. These collection efforts and balances alleged are facially deceptive, unfair, and willful and malicious because Ms. Ogalue vacated the premises years before the statement was issued, and the alleged debt was discharged and waived.

55. Any lease agreement between the parties terminated sometime in 2023. It was not renewed. Defendants lacked any contractual basis to collect.

56. Defendants' repeated communications caused Plaintiff significant emotional distress, anxiety, and disruption beyond the normal stresses of filing bankruptcy. Moreover, the malicious collection activity harmed Ms. Ogalue's fresh start.

57. Respondent's repeated willful and malicious violations of both the automatic stay and discharge injunction were not isolated mistakes but formed a coordinated pattern of wanton debt collection activity.

58. Defendant collects from unsophisticated consumers despite notices of bankruptcy, discharge orders, repeated cease and desist warnings, notice of attorney representation, lack of lawful contracts, and in spite of lawful contracts.

59. How much have Defendants profited from those intentional, unfair, callous, and persistent patterns of unlawful debt collection activity?

## **FIRST CAUSE OF ACTION**

### **Willful Violation of the Automatic Stay**

### **(11 U.S.C. § 362)**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs.

61. The Bankruptcy Code provides that the filing of a petition operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

62. Defendants received notice of the bankruptcy no later than October 2, 2024. And Plaintiff's attorney sent multiple warnings.

63. Despite knowing of the bankruptcy and warning of sanctions, Defendants repeatedly contacted Plaintiff to demand payment and threaten eviction.

64. Defendants' outrageous conduct constituted intentional, egregious, reckless, willful, wanton, malicious, and callous violations of the automatic stay.

65. A violation of the automatic stay is "willful" if the creditor knew of the stay and intentionally performed the act that violated it.

66. Here, Defendants knew of the stay and acknowledged the stay.

67. Here, Defendants employed bankruptcy counsel to enter the agreement.

68. Defendant cannot feign lack of sophistication or understanding of bankruptcy law.

69. Defendants operate numerous properties and collects on hundreds if not thousands of residential lease contracts.

70. Defendants' management and supervisors prepared and sent collection notices to Ms. Ogalue.

71. Defendants profit from unlawful and deceptive conduct by collecting from hundreds (if not thousands) of unsophisticated consumers on debt not owed through misrepresentation and in violation of contract law and court orders.

72. Accordingly, punitive damages are appropriate to deter Defendants from their unlaw practices in pursuit of profit and send a message to other similarly situated landlords.

73. Pursuant to 11 U.S.C. § 362(k), Plaintiff was injured by Defendants' conduct and is entitled to attorney fees and actual damages. And Defendant's profit motive subjects itself to punitive damages.

### SECOND CAUSE OF ACTION

### Violation of the Discharge Injunction

### (11 U.S.C. § 524)

74. Plaintiff realleges and incorporates by reference all preceding paragraphs.

75. On December 30, 2024, the Court entered a discharge under 11 U.S.C. § 727.

76. 11 U.S.C. § 524(a)(2) enjoins attempts to collect discharged debts.

77. The Bankruptcy Code provides "A discharge… operates as an injunction against the commencement or continuation of an action… to collect, recover or offset any such debt as a personal liability of the debtor.".

78. Defendants knew of and acknowledged the order enjoining them from collecting from Ms. Ogalue.

79. Despite the Court's orders, Defendants demanded payment from Ms. Ogalue.

80. A creditor who knowingly violates the discharge injunction may be held in contempt.

### THIRD CAUSE OF ACTION
### False Representation of the Legal Status of a Debt
### (15 U.S.C. § 1692e(2)(A))

81. Plaintiff realleges and incorporates by reference all preceding paragraphs.

82. The FDCPA is a strict liability statute designed to protect consumers from debt collectors who use false or misleading collection practices.

83. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

84. The statute further prohibits false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A)

85. Defendant threatened Plaintiff asserting a debt was due and payable despite:

  i.   a discharge order;

  ii.  the debt was never owed because of the lack of a lease agreement; and

  iii. a valid contract waving any alleged debt.

86. Attempting to collect an unenforceable debt constitutes a false representation of the legal status, character, and amount of the debt in violation of §1692e.

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

## FOURTH CAUSE OF ACTION

### Communication After Notice of Representation

### (15 U.S.C. § 1692c(a)(2))

87. Plaintiff realleges and incorporates by reference all preceding paragraphs.

88. The FDCPA prohibits a debt collector from communicating with a consumer once the debt collector knows the consumer is represented by an attorney.

89. The statute provides "a debt collector may not communicate with a consumer in connection with the collection of any debt… if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2).

90. Plaintiff's counsel sent Defendants multiple letters notifying Defendants that Plaintiff was represented by counsel.

91. Importantly, Defendants knew Ms. Ogalue had an attorney for the debt when it entered the agreement to waive the debt.

92. Nevertheless, Defendants continued to communicate directly with Ms. Ogalue to collect.

93. Because Defendants knew Ms. Ogalue had counsel as to the alledged debt yet continued to contact her directly, Defendants violated §1692c(a)(2).

## FIFTH CAUSE OF ACTION

### Unfair or Unconscionable Debt Collection

### (15 U.S.C. § 1692f)

94. Plaintiff realleges and incorporates by reference all preceding paragraphs.

95. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

96. Defendants attempted to collect the alleged debt despite knowing:

    i.    The bankruptcy court discharged the debt; and

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

ii. Defendants agreed in writing to waive any such debt.

97. Attempting to collect a debt that is not legally owed is an unfair and unconscionable collection practice in violation of §1692f.

## SIXTH CAUSE OF ACTION

## Use of a False Name Against all Defendants

## (15 U.S.C. § 1692e(14))

98. Plaintiff realleges and incorporates by reference all preceding paragraphs.

99. An FDCPA violation exists when a debt collector "use[s] of any business, company, or organization name other than the true name of the debt collector's business." 15 U.S.C. § 1692e(14).

100. The true name of the creditor is Queen Cudahy Apartments, LLC.

101. However, Defendant, Queen Cudahy Apartments, LLC, collects using the name Westland Real Estate Group, which is presented to consumers as a separate entity.

102. Defendants use names such as to collect, falsely indicating a third party is collecting.

103. FDCPA prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business." 15 U.S.C. § 1692e(14).

104. Defendants used the names Westland and Entrata in communications directed to Plaintiff in a manner that would lead the least sophisticated consumer to believe that a third-party entity was collecting the debt.

105. Defendants' use of those names created a false impression regarding the true identity of the entity collecting the debt.

106. Defendants' conduct violated the FDCPA because Defendants collected debts in a manner that falsely suggests third parties are involved.

**Law Office of Anthony Paul Diehl**
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

## SEVENTH CAUSE OF ACTION

### Communication After Written Cease-and-Desist Notice

### (15 U.S.C. § 1692c(c))

107.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

108.  The FDCPA prohibits a debt collector from communicating with a consumer after notice that the consumer requests that the debt collector cease further communication.

109.  Plaintiff's counsel sent Defendants multiple letters directing Defendants to cease all communications with Plaintiff concerning the alleged debt.

110.  Despite receiving a cease-and-desist, Defendants continued communicating directly with Plaintiff regarding the alleged debt.

111.  Defendants sent written collection communications to Plaintiff, including but not limited to:

    i.  the October 29, 2024, collection letter and email demanding payment;

    ii.  the November 26, 2024, "Small Balance Reminder" email;

    iii.  the January 12, 2025, email demanding payment;

    iv.  the February 10, 2025, "3-Day Notice to Pay or Quit" communication;

    v.  the February 27, 2026, collection call;

    vi.  the March 1, 2026, collection email; and

    vii.  the March 5, 2026, "Move Out Statement" demanding payment.

112.  These communications were attempts to collect a consumer debt and did not fall within any exception permitted under 15 U.S.C. § 1692c(c).

113.  Defendants intentionally continued communicating with Plaintiff to collect despite written notice to stop in violation of 15 U.S.C. § 1692c(c).

## EIGHTH CAUSE OF ACTION

### Violation of the Rosenthal Fair Debt Collection Practices Act

### (Cal. Civ. Code §1788.17)

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704

114. Plaintiff realleges and incorporates all preceding paragraphs.

115. Rosenthal independently prohibits abusive debt collection practices.

116. Rosenthal incorporates the FDCPA and provides "A debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of Title 15 of the United States Code." CCC §1788.17.

117. Because Rosenthal incorporates the FDCPA, conduct that violates the FDCPA also violates Rosenthal.

118. Defendants violated the Rosenthal by:

    i. contacting Plaintiff after receiving notice of representation;

    ii. contacting plaintiff after a cease-and-desist notice;

    iii. protected collection after of discharged debt;

    iv. lack of an enforceable lease agreement; and

    v. continuing to demand payment after agreeing to waive the debt.

119. Plaintiff is entitled to statutory damages, actual damages, and attorneys' fees pursuant to CCC §1788.30.

### NINETH CAUSE OF ACTION

### Communication with Represented Debtor

### (Cal. Civ. Code §1788.14(c))

120. Plaintiff realleges and incorporates all preceding paragraphs.

121. Rosenthal independently prohibits a debt collector from initiating communications with a debtor regarding a covered debt after receiving written notice that the debtor is represented by counsel concerning that debt.

122. Plaintiff's counsel sent Defendants multiple written notices of representation with respect to the alleged rental debt.

123. The written notice of representation requested all communications concerning the alleged debt be directed to counsel rather than Plaintiff.

124. Importantly, Defendant's agreement to waive any debt was entered into with

Plaintiff by and through her attorney, whereby putting Defendant on notice Plaintiff has counsel as to that debt.

125. Despite knowing of representation, Defendants communicated directly with Plaintiff to collect the nonexistent debt in violation of CCC § 1788.14(c).

## TENTH CAUSE OF ACTION
### Breach of Contract

126. Plaintiff realleges and incorporates all preceding paragraphs.

127. Plaintiff and Defendants entered into a written settlement agreement on October 14, 2025, waiving any debt Plaintiff owed Defendant.

128. Plaintiff performed under the agreement when refrained from suing Defendant.

129. Defendants materially breached when it demanded payment of the waived debt.

130. Plaintiff has been damaged by Defendants' breach by the value of attorney fees paid, the loss of the value of claims Ms. Ogalue waived, and the economic value of the waived liability Defendants promised to eliminate then deprived from Ms. Ogalue when it reimposed the debt, plus interest.

## ELEVENTH CAUSE OF ACTION
### Violation of California Unfair Competition Law
### (Bus. & Prof. Code §17200)

131. Plaintiff realleges and incorporates all preceding paragraphs.

132. UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

133. UCL is broad in scope and "borrows" violations of other laws, making them independently actionable as unfair competition.

134. Defendants engaged in unfair competition when they violated:

    i.    the 11 U.S.C. §§ 362 and 524;

    ii.    the FDCPA;

iii.   Rosenthal; and

iv.   the settlement agreement eliminating the alleged debt.

135. Each of those violations independently supports liability under § 17200.

136. Defendants' conduct is also unfair because it offends established public policy, including the Bankruptcy Code's fundamental "fresh start" protections, and imposes substantial harm of intrusion upon Plaintiff's right to seclusion that outweighs any utility of Defendants' conduct.

137. Further, Defendants' conduct is fraudulent because their communications falsely represented Plaintiff remained legally obligated to pay a debt discharged in bankruptcy and contractually eliminated and were likely to deceive a reasonable consumer.

138. As a direct result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiff suffered injury in fact and lost money or property, including but not limited to time, resources, and funds expended responding to Defendants' improper collection efforts.

139. Pursuant to § 17203, Plaintiff seeks restitution of rents and deposits paid, attorney fees paid to Ms. Ogalue's counsel related to the settlement agreement, injunctive relief prohibiting further unlawful collection activity against both Ms. Ogale and the public at large, and all other equitable relief necessary to prevent Defendants' ongoing misconduct.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Erica Denice Ogalue, respectfully requests judgment against Queen Cudahy Apartments, LLC, AF Properties, LLC, and Westland Real Estate Group, as follows:

a.  For actual damages and attorney fees and costs pursuant to 11 U.S.C. § 362(k);

b.  For a finding Defendants violated the discharge injunction under 11 U.S.C. § 524(a) and the imposition of contempt sanctions pursuant to 11 U.S.C. § 105(a);

c.  For compensatory damages, including emotional distress damages, and intrusion upon seclusion, arising from Defendants' violations;

d.  For punitive damages in amounts sufficient to punish and deter Defendants;

e.  For actual and statutory damages and attorneys' fees under 15 U.S.C. § 1692k;

f.  For actual and statutory damages, and attorneys' fees under CCC § 1788.30;

g.  For damages for breach of contract, including all damages necessary to place Plaintiff in the position she would have occupied had Defendants performed under the settlement agreement, attorney fees related to entering the settlement agreement and incurred to litigate this adversary proceeding, the economic value of the waived balance, including default interest;

h.  For restitution of the lease deposit paid and attorney fees paid, plus both private and public injunctive relief including an order prohibiting Defendants from any further attempts to unlawfully collect debt from Ms. Ogalue or the public at large;

i.  For pre-judgment and post-judgment interest as permitted by law;

j.  For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,
THE LAW OFFICE OF
ANTHONY PAUL DIEHL

Dated: 05/05/2026.                    By:     /s/Anthony P. Diehl
                                               Anthony Diehl, Esq.

Law Office of Anthony Paul Diehl
104 Blue Note
Irvine, California 92618
Phone: (949) 694-9702, Fax: (949) 694-9704